IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MERLIN DANCEY HILL, #R4779**                                                  **PLAINTIFF**

**V.**                                            **CIVIL ACTION NO. 3:14-cv-00062-HTW-LRA**

**MICHAEL WALKER, ET AL**                                           **DEFENDANTS**

<u>**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT
BY DEFENDANT OLLIE LITTLE**</u>

Plaintiff Merlin Dancey Hill #R4779 claims that Defendant Ollie Little violated the Petition Clause of the First Amendment to the United States Constitution because Defendant Little would not authorize and arrange Plaintiff's transportation in June, 2013, from the East Mississippi Correctional Facility to the Veterans Medical Hospital in Jackson, Mississippi for a medical examination that was related to the application Plaintiff made on July 14, 2011, for benefits for headaches, hearing, trouble sleeping, alcohol abuse problems and paranoid schizoaffective disorder that Plaintiff claims are related to his service in the United States Air Force from October 16, 1979 to September 1, 1983. [Dkt.1 at 5; Dkt. 8-1 at 3-5].

The Petition Clause guarantees an inmate access to the courts. *Driggers v. Cruz*, 740 F.3d 333, 336-37 (5th Cir. 2014)("Driggers correctly frames his claim of denial of access to the courts as a First Amendment claim because 'the right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances.'"). Plaintiff Hill does not claim that Defendant Little denied him access to the courts.

The Petition Clause is applied to determine if restrictions on an inmate's mail to government agencies violate the First Amendment. *Taylor v. Sterrett*, 532 F.2d 462, 480 (5th

Cir. 1976)("In this perspective we believe it proper to apply the First Amendment analysis enunciated in *Procunier v. Martinez* to adjudicate the free expression and petition rights of the inmate-plaintiffs related to their correspondence with government agencies and the press."). Plaintiff does not claim that Defendant Little interfered or limited his correspondence with the Department of Veterans Affairs (VA). According to Plaintiff's Complaint as supplemented, there has been no impediment to Plaintiff's communications with the VA because the pleading shows the VA received correspondence from Plaintiff on July 14, 2011, August 30, 2011, September 13, 2011, December 1, 2011, April 16, 2012, December 17, 2012, February 11, 2013 and April 19, 2013. [Dkt. 8-1 at 6].

Plaintiff Hill bases his First Amendment claim on Defendant Little's alleged refusal to authorize and arrange his transportation to the VA Hospital in Jackson so that Plaintiff could be medically examined to determine if he was entitled to benefits for medical conditions that Plaintiff claims were the result of his military service. Transporting an inmate from a jail to a hospital for a medical examination to determine if a medical condition is related to military service is not required by the Petition Clause or any other provision of the First Amendment because the transportation of Plaintiff Hill has nothing to do with petitioning the government, speaking about any matter or freedom of religion. USCA CONST Amend. I. ("Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.").

Plaintiff Hill's reliance on a Mississippi statute, Miss. Code Ann. §47-3-3 (Rev. 2011),[1] provides no basis for his Section 1983 lawsuit. [Dkt. 8 at 5; Dkt. 8-1 at 10]. The statue allows transport of an inmate from a prison for only specific reasons and a medical examination by the VA Hospital is not one of those reasons.

Defendant Little is not obligated by the First Amendment or by any federal statute to transport Plaintiff Hill to the VA Hospital. In fact, the VA does not have the authority to order Defendant Little or the Mississippi Department of Corrections to transport Plaintiff Hill to the VA Hospital for the medical examination. *McNamee v. Shinseki*, 12-925, 2012 WL 5419880 at *2 (Vet. App. Nov. 7, 2012)("The Secretary does not possess the authority to require the correctional facility to release the petitioner for the purposes of a medical examination. *See Bolton v. Brown*, 8 Vet.App. 185, 191 (1995).").

Plaintiffs' proper remedy for the denial of his application for VA benefits is to appeal the denial. *Brown v. Shinseki*, 08-3542, 2011 WL 378899 at *4(Vet. App. Feb. 7, 2011)(" *Bolton* stands for the proposition that when the medical evidence of record is insufficient to decide an incarcerated veteran's claim, VA is obligated to either assist the veteran in obtaining evidence or explain its exhaustive but unsuccessful attempts to obtain that evidence.").

Plaintiff Hill has not stated a claim against Defendant Little under 42 U.S.C. §1983 for violation of the Petition Clause or any Clause of the First Amendment so Defendant Little asks the Court to dismiss him from this action.

---

[1] A person committed or in custody on a criminal charge shall not be removed from the place of his confinement into the custody of any other officer, unless it be by habeas corpus or some other legal writ, except for trial, or in case of fire or infection, or other necessity, or in accordance with express provision of law. If any person, after such commitment, shall make out or issue any warrant or process for such removal except as authorized, it shall be void.

Miss. Code. Ann. § 47-3-3 (Rev.2011).

RESPECTFULLY SUBMITTED, this the 31st day of July, 2014.

OLLIE LITTLE, DEFENDANT

*s/Robert H. Pedersen*
Robert H. Pedersen (MSB #4084)

OF COUNSEL:

Walter T. Johnson (MSB #8712)
Robert H. Pedersen (MSB #4084)
WATKINS & EAGER PLLC
400 East Capitol Street, Suite 300
P. O. Box 650
Jackson, Mississippi 39205
Phone:  (601) 965-1900
wjohnson@watkinseager.com
bpedersen@watkinseager.com

*Attorneys for Defendant Ollie Little*

## CERTIFICATE OF SERVICE

     I, Robert H. Pedersen, do hereby certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

     Tommy D. Goodwin
     Mississippi Attorney General's Office
     P. O. Box 220
     Jackson, MS 39205-0220
     tgood@ago.state.ms.us

     *Counsel for Defendant Christopher Epps*

and I hereby certify that I have mailed by United States Postal Service a true and correct copy of the above and foregoing pleading to the following non-ECF participant:

     Merlin Dancey Hill, #R4779
     East Mississippi Correctional Facility
     10641 Highway 80 West
     Meridian, MS 39307

     *Pro Se Plaintiff*

THIS the 31st day of July, 2014.

     *s/Robert H. Pedersen*